IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELROY DEWITT PINKENEY a/k/a ROY
DEWITT PINKENEY,

          Plaintiff(s),

v.

CHASE HOME FINANCE, LLC,

          Defendant(s).

09cv0166
**ELECTRONICALLY FILED**

## Memorandum Order

**I.    Introduction**

This is a bankruptcy appeal. Appellant, Elroy Dewitt Pinkeney, appeals the Order of the Bankruptcy Court, dismissing his Chapter 13 case. In addition, the Appellant appeals the Order of the Bankruptcy Court waiving the automatic stay[1] permitting the creditor Appellee, Chase Home Finance, LLC, to move forward with the sheriff's sale of Appellant's residence on November 3, 2008. The Appellant appeals on the basis that his constitutional right to Procedural Due Process was violated when his former counsel instructed him that there would be no Plan Confirmation hearing (Confirmation hearing) on October 29, 2008 when, in fact, a confirmation hearing was conducted. After full consideration, the Court affirms the order of the Bankruptcy Court, dismissing the Appellant's Chapter 13 claim.

**II.    Procedural History**

The Appellant filed his Chapter 13 claim on July 5, 2008, in the United States Bankruptcy Court for the Western District of Pennsylvania. (Doc. No. 1). The Appellant requested an

---

[1] 11 U.S.C. § 362 (2006).

extension to the automatic stay on the sheriff's sale, and the Bankruptcy Court granted the Appellant's motion on July 30, 2008. (Doc. No. 14). The Appellant filed his Chapter 13 Plan on August 1, 2008 and attended his mandatory meeting of creditors on October 20, 2008. (Doc. No. 19). There is no question that there was confusion over whether the Confirmation hearing would occur on October 29, 2008 due to a scheduling error. Appellant's former counsel informed him that there would be no hearing; however, upon learning of the error and that the hearing would be held, Appellant's former counsel attended the Confirmation hearing on October 29, 2008 without the Appellant. The following day, the Bankruptcy Court dismissed the Appellant's Chapter 13 case and granted the creditor relief from the stay, permitting the sheriff sale of the property to proceed. (Doc. No. 33). The Court determined that this filing, being Appellant's fifth bankruptcy filing, was an abusive filing, meriting its dismissal. (Doc. No. 53 at lines 18-23 p. 9).

On November 7, 2008, the Appellant, with new counsel, Donald Calaiaro, filed a motion for reconsideration of the orders granting relief from stay in rem and dismissal of the case. (Doc. No. 39). Upon review, during the hearing on December 18, 2008, the Bankruptcy Court denied the motion. (Doc. No. 44).

### III. Standard of Review

The district court acts as an appellate tribunal and is governed by traditional standards of appellate review when reviewing a decision of the bankruptcy court. Accordingly, the court reviews the bankruptcy court's findings of fact under a clearly erroneous standard, and its conclusions of law are reviewed de novo. *In re Four Three Oh, Inc.*, 256 F.3d 107, 112 (3d Cir. 2001); *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir.1998); Fed.R.Bankr.P.

8013.[2]

**IV. Discussion**

The Appellant alleges that his Procedural Due Process rights were violated when his former counsel informed him that there would be no contested confirmation hearing on October 29, 2008. The hearing did, in fact, occur in Appellant's absence. (Doc. No. 7 at 6-7). As a result of this alleged violation, he argues that he was denied the opportunity to properly present his testimony. (Doc. No. 7 at 6-7). Appellant further maintains that this alleged violation led to an improper dismissal of his Chapter 13 claim by the Bankruptcy Court. For the reasons that follow, this Court finds this claim to be without merit.

The Bankruptcy Court for the United States District Court for the Western District of Pennsylvania in *In re Electro-Met Coal Co., Inc.*, 121 B.R. 480, 483-484 (Bkrtcy.W.D.Pa., 1990) aptly summarized the concept of procedural due process as follows:

> Procedural due process imposes constraints on governmental decisions which deprive a person of "liberty" or "property" within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendments. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). The fundamental requirement of due process is an opportunity to be heard "at a meaningful time and in a meaningful manner". *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Consequently, some form of hearing is required before one may be finally deprived of a property interest. *Mathews*, 424 U.S. at 333, 96 S.Ct. at 902.
>
> Unlike certain legal principles, however, due process is not a technical concept having a fixed content in relation to time, place and circumstances. *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). It defies any notion of an invariant procedure which applies to every conceivable situation. The procedures required by due process may vary from

---

[2] Rule 8013 provides:
On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

situation to situation. *See Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 320, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220 (1985). Such flexibility is intended in part to permit alternative and varied means of dispute resolution. *Walters,* 473 U.S. at 326, 105 S.Ct. at 3192.

Due process does not require that "the procedures used to guard against an erroneous deprivation ... be so comprehensive as to preclude any possibility of error". *Mackey v. Montrym*, 443 U.S. 1, 13, 99 S.Ct. 2612, 2618, 61 L.Ed.2d 321 (1979). Rather, due process in this instance requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information". *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The United States Constitution requires only a reasonable assessment of "the practicalities and peculiarities" of the situation. *Id.*

At no time was the Appellant in this case denied an opportunity to be heard. Though he claims that his absence from the October 29 hearing led to this result, Appellant was represented by counsel. There is no dispute that there was confusion over whether the hearing would proceed; however, Appellant's former counsel's presence indicates that there was adequate notice to enable representation at the hearing.

Furthermore, any question as to whether former counsel sufficiently represented his client's position was remedied when the Appellant was given the opportunity to present his objections during the hearing over his motion to reconsider his case on December 18, 2008. (Doc. No. 55). This hearing provided the Appellant ample opportunity to raise all concerns surrounding the dismissal of his claim. The Appellant was given the chance to raise any issue he had with former counsel's handling of the October 29 hearing. In light of the Appellant's representation by counsel, and Appellant's opportunity to be heard on December 18, the record establishes that Appellant was <u>not</u> denied the opportunity to be heard at a meaningful time and in a meaningful manner.

Appellant avers that if he had been present, he could have provided additional evidence that may have altered the Court's ruling. (Doc. No. 55 at line 8-9 p. 5). The Appellant was not without representation at the hearing, but believes that his counsel should have requested an evidentiary hearing. (*Id.* at line 9-10 p. 5).

Any additional information provided by the Appellant would have had no impact on the Bankruptcy Court's decision. Appellant claims that he had provided payment to the Trustee and that these payments were unreported at the hearing. (Doc. No. 55 at line 6-7 p. 11). Appellant may have attempted to provide payment; however, the payments were not received until later. (Doc. No. 55 at line 24-25 p. 12). The Bankruptcy Court considered this information and determined that these payments were not substantial enough to reinstate the Appellant's Chapter 13 claim, as the Appellant had filed his claim in July 2008, making no effort to satisfy any payments until November. (Doc. No. 55 at line 2-5 p. 13).

Though the Appellant argues that he could have provided additional employment information at the October 29 hearing, the Court actually heard the majority of that information through former counsel. (Doc. No. 53 at line 7-8 p. 7). At the October 29 hearing, former counsel informed the Court of his client's new employment as a consultant. Counsel pointed out that the consultant position was earning approximately $9,000 gross income each month. (Doc. No. 53 at line 16-18 p. 8). This information was not enough to prevent a dismissal of the case.

In reconsidering the dismissal of the case, the Bankruptcy Court, for the second time, considered Appellant's new employment and also all new information provided by the Appellant. The Bankruptcy Court has the discretion to dismiss a claim found to be filed in bad faith pursuant to 11 U.S.C. § 707 (2006). Regardless of the consulting income and attempted payments, the Court determined that Appellant's claim was an abusive filing. (Doc. No. 53 at

line 18-20 p. 9; Doc. No. 55 at line 1-2 p. 18). The Court finds that the Bankruptcy Court committed no abuse of discretion, especially considering that Appellant had five prior bankruptcy filings.

Even without considering the bad faith determination, the Court found that consulting income is not stable enough to indicate that the Appellant could successfully satisfy payment requirements. (Doc. No. 55 at line 9-14 p. 14). The Court additionally elected to look at the past employment record of the Appellant and noted a great fluctuation in income and that even with the new consulting income, it is not substantial or stable enough to reverse the dismissal of Appellant's Chapter 13 claim. (Doc. No. 55 at line 12-21 p. 14).

Appellant improperly attempts to claim that he should not be bound by former counsel's conduct, specifically claiming that he should not be punished for his attorney's direct indication that the Confirmation hearing would not occur and that he should not attend. Appellant relies on *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 1978 U.S. app. LEXIS 12257 (3d. Cir. 1978), where the Court held that a client was not held to the conduct of his attorney when counsel left his client without representation by failing to respond to a motion for summary judgment. Appellant also relies on *Carter v. Albert Einstein Medical Center*, 804 F.2d 805, 1986 U.S. App. LEXIS 33349 (3d. Cir. 1986), also holding that the client was not responsible for the acts of his attorney when counsel failed to respond to a motion dismiss. These cases are used to support this claim that clients are not responsible for acts of their attorneys when the attorney's actions are grossly negligent, or when conduct is extraordinary. In these cases, the attorneys failed to respond to motions, acts equal to leaving a client without representation. These cases illustrate conduct far beyond the acts of Appellant's former counsel. Here, former counsel incorrectly informed the Appellant that there would be no hearing on

October 29. Upon learning of the hearing, counsel did attend. In fact, the attorney appeared and informed the court of Appellant's new consulting income and payments. At no time was the Appellant without representation, giving no merit to the Appellant's claim.

In this case, the Appellant does not take issue with the material facts of the case and he does not appeal the decision of the Bankruptcy Court on the merits of the case. The Bankruptcy Court determined that Appellant's claim was filed in bad faith and that no additional information provided would merit a reinstating of the Chapter 13 claim. This Court agrees. Former counsel, serving as Appellant's representative, provided the Court with his client's position. Thus, Appellant's Procedural Due Process rights were not violated.

## V. Conclusion

For the reasons set forth above, the Court affirms the Bankruptcy Court decision. The Appeal of Appellant, Elroy Dewitt Pinkeney, is denied. The Clerk of Court shall mark this docket closed.

SO ORDERED this 27th day of May, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties